## CAUSE NO. _____

| | | |
|---|---|---|
| **ISMAEL ROSA JR.** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **_____ Judicial District** |
| | § | |
| **ESA MANAGEMENT, LLC** | § | |
| *Defendant* | § | |
| | § | **EL PASO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW**, ISMAEL ROSA JR. (hereinafter "Plaintiff"), complaining of and about ESA MANAGEMENT, LLC (hereinafter "Defendant" or "Extended Stay America") and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Level II as set forth by Texas Rule of Civil Procedure 190.3.

### II. PARTIES AND SERVICE

2.      Plaintiff is an Individual whose address is 6501 Navajo Ave, El Paso, Texas 79925. The last three digits of his social security number are 236.  The last three digits of his driver license number are 167.

3.      Defendant is a foreign for-profit corporation registered and doing business in the state of Texas.  Defendant may be served through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks only monetary relief over $1,000,000.

6.      This court has jurisdiction over the parties under Section 17.042(2) of the Texas

Civil Practice and Remedies Code because Defendant committed a tort in whole or in part in this state. This court has jurisdiction over Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Moreover, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.     Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

8.     From July 2020 through November 2020, Plaintiff was an invitee and patron at Defendant's premises, an Extended Stay America located at 6580 Montana Avenue, El Paso, Texas 79925.  Defendant controlled and maintained the premises during this period.

9.     On the evening and night of November 3, 2020, Plaintiff was occupying room number 115 of the premises. When Mr. Rosa awoke the next morning, he discovered a bite on his toe. Mr. Rosa had been bitten by a venomous and deadly brown recluse spider.

10.     As a direct and proximate cause of Defendant's acts/or and omissions, Plaintiff sustained significant injuries requiring medical treatment, including the loss of Mr. Rosa's toe.

## V. NEGLIGENCE

11.     Defendant owed Plaintiff a duty to use ordinary care to keep its premises in a reasonably safe condition.

12.     From July 2020 through November 3, 2020, Defendant breached its duty to Plaintiff by allowing its premises to remain in an unreasonably safe condition. On November 3,

2020 in room 115, Plaintiff was bitten by a venomous brown recluse spider because Defendant failed to make the premises safe with actual or constructive knowledge that Defendant's premises contained venomous and dangerous spiders and Defendant allowed said condition to be present without warning the Plaintiff of the presence of the danger. Defendant failed to warn Mr. Rosa of the danger such venomous and dangerous spiders not merely on the premises at large, but within the rooms of the premises. Further, Defendant failed to adequately inspect for and/or remove such dangerous conditions adequately from within the rooms of the premises.

13.     As a direct and proximate cause of Defendant's conduct, Plaintiff sustained significant injuries requiring medical treatment. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a)     Negligently failed to exercise ordinary care.

(b)     Negligently failed to cure a known danger.

(c)     Negligently failed to warn Plaintiff of said known danger.

(d)     Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

## VI.  DAMAGES FOR PLAINTIFF

14.     As a direct and proximate result of Defendant's actions, constituting the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Loss of earnings in the past;

F.     Loss of earning capacity which will, in all probability, be incurred in the future;

G.     Loss of Household Services in the past;

H.     Loss of Household Services in the future;

I.     Mental anguish in the past; and

J.     Mental anguish in the future.

## VII.  DEMAND FOR TRIAL BY JURY

15.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII.  PRAYER

**WHEREFORE,** premises considered, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**SLOCUMB LAW FIRM, PLLC**

*/s/Tim C. Schurmann*
**Tim C. Schurmann**
Texas State Bar No. 24081276
1910 Pacific Avenue, Suite 15700
Dallas, Texas 75201
P) 469.270.8585
F) 888.853.2247
Email: tschurmann@slocumblaw.com
*Attorney for Plaintiff*

El Paso County - 327th District Court

Filed 8/5/2021 2:32 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV1666

### CAUSE NO. 2021DCV1666

| | | |
|---|---|---|
| **ISMAEL ROSA JR.** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **327th Judicial District** |
| | § | |
| **ESA MANAGEMENT, LLC and** | § | |
| **THREE WALL CAPITAL LLC** | § | |
| *Defendant* | § | **EL PASO COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION

**COMES NOW**, ISMAEL ROSA JR. (hereinafter "Plaintiff"), complaining of and about ESA MANAGEMENT, LLC and THREE WALL CAPITAL LLC (hereinafter "Defendants") and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Level II as set forth by Texas Rule of Civil Procedure 190.3.

### II. PARTIES AND SERVICE

2.    Plaintiff is an Individual whose address is 6501 Navajo Ave, El Paso, Texas 79925.

3.    Defendant ESA MANAGEMENT, LLC (hereinafter "Extended Stay") is a foreign for-profit corporation registered and doing business in the state of Texas. Defendant may be served through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant THREE WALL CAPITAL LLC (hereinafter "Three Wall Capital") is a foreign for-profit corporation registered and doing business in the state of Texas. Defendant may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange Street, Wilmington, DE 19801.

## III. JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks only monetary relief over $1,000,000.

7.      This court has jurisdiction over the parties under Section 17.042(2) of the Texas Civil Practice and Remedies Code because Defendants committed a tort in whole or in part in this state. This court has jurisdiction over Defendant Extended Stay because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Moreover, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. This court has jurisdiction over Defendant Three Wall Capital because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Moreover, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

9.      From July 2020 through November 2020, Plaintiff was an invitee and patron at Defendants' premises, an Extended Stay America located at 6580 Montana Avenue, El Paso, Texas 79925. Defendants controlled and maintained the premises during this period.

10.     On the evening and night of November 3, 2020, Plaintiff was occupying room number 115 of the premises. When Mr. Rosa awoke the next morning, he discovered a bite on his toe. Mr. Rosa had been bitten by a venomous and deadly brown recluse spider.

11.     As a direct and proximate cause of Defendants' acts/or and omissions, Plaintiff sustained significant injuries requiring medical treatment, including the loss of Mr. Rosa's toe.

## V. NEGLIGENCE CLAIM AGAINST
## EXTENDED STAY

12.     Defendant Extended Stay owed Plaintiff a duty to use ordinary care to keep its premises in a reasonably safe condition.

13.     From July 2020 through November 3, 2020, Defendant breached its duty to Plaintiff by allowing its premises to remain in an unreasonably safe condition. On November 3, 2020 in room 115, Plaintiff was bitten by a venomous brown recluse spider because Defendant failed to make the premises safe with actual or constructive knowledge that Defendant's premises contained venomous and dangerous spiders and Defendant allowed said condition to be present without warning the Plaintiff of the presence of the danger. Defendant failed to warn Mr. Rosa of the danger such venomous and dangerous spiders not merely on the premises at large, but within the rooms of the premises. Further, Defendant failed to adequately inspect for and/or remove such dangerous conditions adequately from within the rooms of the premises.

14.     As a direct and proximate cause of Defendant's conduct, Plaintiff sustained significant injuries requiring medical treatment. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a)     Negligently failed to exercise ordinary care.

(b)     Negligently failed to cure a known danger.

(c)      Negligently failed to warn Plaintiff of said known danger.

(d)      Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

## VI. NEGLIGENCE CLAIM AGAINST
## THREE WALL CAPITAL

15.      Defendant Three Wall Capital owed Plaintiff a duty to use ordinary care to keep its premises in a reasonably safe condition.

16.      From July 2020 through November 3, 2020, Defendant breached its duty to Plaintiff by allowing its premises to remain in an unreasonably safe condition. On November 3, 2020 in room 115, Plaintiff was bitten by a venomous brown recluse spider because Defendant failed to make the premises safe with actual or constructive knowledge that Defendant's premises contained venomous and dangerous spiders and Defendant allowed said condition to be present without warning the Plaintiff of the presence of the danger. Defendant failed to warn Mr. Rosa of the danger such venomous and dangerous spiders not merely on the premises at large, but within the rooms of the premises. Further, Defendant failed to adequately inspect for and/or remove such dangerous conditions adequately from within the rooms of the premises.

17.      As a direct and proximate cause of Defendant's conduct, Plaintiff sustained significant injuries requiring medical treatment. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a)      Negligently failed to exercise ordinary care.

(b)      Negligently failed to cure a known danger.

(c)      Negligently failed to warn Plaintiff of said known danger.

(d)     Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

## VII. DAMAGES FOR PLAINTIFF

18.     As a direct and proximate result of Defendants' actions, constituting the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Loss of earnings in the past;

F.     Loss of earning capacity which will, in all probability, be incurred in the future;

G.     Loss of Household Services in the past;

H.     Loss of Household Services in the future;

I.     Mental anguish in the past; and

J.     Mental anguish in the future.

## VIII. DEMAND FOR TRIAL BY JURY

19.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX. PRAYER

**WHEREFORE,** premises considered, Plaintiff respectfully prays that the Defendants be

cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**SLOCUMB LAW FIRM, PLLC**

*/s/Tim C. Schurmann*
**Tim C. Schurmann**
Texas State Bar No. 24081276
1910 Pacific Avenue, Suite 15700
Dallas, Texas 75201
P) 469.270.8585
F) 888.853.2247
Email: tschurmann@slocumblaw.com
*Attorney for Plaintiff*

# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Christopher N. Dekle
Extended Stay Hotels
11525 N Community House Rd Ste 100
Charlotte, NC 28277-3610

SOP Transmittal #   **540243142**

Entity Served:   ESA MANAGEMENT, LLC  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DELAWARE on this 15 day of September, 2021. The following is a summary of the document(s) received:

1. **Title of Action:**  ISMAEL ROSA JR. vs. ESA MANAGEMENT, LLC

2. **Document(s) Served:**   Other: --

3. **Court of Jurisdiction/Case Number:** None Specified
   Case # 2021DCV1666

4. **Amount Claimed, if any:**  N/A

5. **Method of Service:**

   _X_ Personally served by:      _X_ Process Server      ___ Law Enforcement      ___ Deputy Sheriff      ___ U. S Marshall

   ___ Delivered Via:      ___ Certified Mail      ___ Regular Mail      ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**   09/15/2021 09:53:00 AM CST

7. **Appearance/Answer Date:**  None Specified

8. **Received From:**    None Specified         9. **Carrier Airbill #** 1ZY041160190800631

                                                10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  Brittni Pickering  BPICKERING@EXTENDEDSTAY.COM

Email Notification,  Lexi Andresen  landresen@extendedstay.com

Email Notification,  Tanaya Frazier  tfrazier@extendedstay.com

Email Notification,  Trevor Hay  thay@extendedstay.com

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**         **CopiesTo:**

888-579-0286 - Telephone
302-655-5049 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and

ORIGINAL

# NATIONAL REGISTERED AGENTS, INC

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  Christopher N. Dekle
      Extended Stay Hotels
      11525 N Community House Rd Ste 100
      Charlotte, NC 28277-3610

SOP Transmittal #   540243142

Entity Served:   ESA MANAGEMENT, LLC  (Domestic State: DELAWARE)

taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by   Gretchen McDougal

ORIGINAL



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Sep 15, 2021

**Server Name:**              Wilmington Drop Serve

Entity Served                 ESA MANAGEMENT, LLC

Case Number                   2021DCV1666

Jurisdiction                  DE



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **THREE WALL CAPITAL LLC,** which may be served with process by serving its registered agent, **National Registered Agents Inc. at 1209 Orange Street, Wilmington, DE  19801** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's First Amended Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 5th day of August, 2021 by Attorney at Law, TIM CLIFFORD SCHURMANN, 1910 PACIFIC AVENUE, SUITE 15700, DALLAS, TX  75201, in this case numbered **2021DCV1666** on the docket of said court, and styled:

**ISMAEL ROSA JR**
**VS.**
**ESA MANAGEMENT, LLC and THREE WALL CAPITAL LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's First Amended Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 9th day of August, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

CAUSE NO. 2021DCV1666

| | | |
|---|---|---|
| ISMAEL ROSA JR. | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 327TH JUDICIAL DISTRICT |
| | § | |
| ESA MANAGEMENT, LLC AND | § | |
| THREE WALL CAPITAL, LLC | § | EL PASO COUNTY, TEXAS |

---

## DEFENDANTS ESA MANAGEMENT, LLC & THREE WALL CAPITAL, LLC'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants ESA MANAGEMENT, LLC & THREE WALL CAPITAL, LLC file this Original Answer to Plaintiff's Petition on file herein, or any Plaintiff may hereinafter file by way of amendment or supplement, and in support thereof respectfully shows the Court and jury as follows:

1.

### GENERAL DENIAL

Pursuant to Texas Rules of Civil Procedure 92, Defendants generally deny, all and singular, each and every material allegation contained in Plaintiff's Petition and any Petition Plaintiff may hereinafter file by way of amendment or supplement, and demands strict proof thereof as required by the Constitution and the Laws of the State of Texas.

2.

### CONTRIBUTORY NEGLIGENCE

Pleading further, Defendants would show that the negligence of the Plaintiff and/or other third parties were a proximate cause of the occurrence in question. Accordingly, Defendants are entitled to the submission of the issue of Plaintiff's proportionate and contributory negligence and/or other third parties' or responsible third parties' contributory negligence to the finder of the fact, pursuant to Texas Civil Practice and Remedies Code Chapters 32 and 33. Further, Defendants seek contribution from joint tortfeasors and/or a set-off or credit for all settlements between Plaintiff and any other persons in connection with the event, injuries and damages forming the basis of this lawsuit.

3.

SOLE PROXIMATE CAUSE/NEW & INDEPENDENT

The injuries and damages of which Plaintiff complains were wholly caused by a new and independent cause or causes not reasonably foreseen by Defendants, or by intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause to any injuries and damages to Plaintiff, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury, such that any and all of the negligent acts or omissions of which Plaintiff complains as to Defendants were not the cause of any damages or injuries suffered by Plaintiff.

4.

ACT OF GOD

Further answering and in the alternative, Defendants would show that the incident in question was an "Act of God", that is, an event not proximately caused by negligence of any party to it.

5.

MEDICAL EXPENSES (PAID OR INCURRED)

Pursuant to C.P.R.C. §41.0105 Defendants assert the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code and plead that in addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by Plaintiff.  See CPRC Sec. 41.0105, see also *Haygood v. Escabedo*, 356 S.W.3d 390 (Tex. 2011). To the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to his medical providers, Defendants assert the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Sec. 41.0105. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.

LOST WAGES/TAX PAYMENTS

Pleading further, if same be necessary, Defendants claim the protections of section 18.091 of the Texas Civil Practices and Remedies Code.  Specifically, Defendants maintain that Plaintiff, if seeking recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value and/or loss of inheritance must present evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

7.

DAMAGE CAPS

In the unlikely event that Plaintiff obtains a judgment in his favor for damages in this case, Defendants affirmatively plead the liability limits set forth in Section 41.008 of the Texas Civil Practice and Remedies Code, as well as any other applicable cap or limit.

8.

NOTICE OF INTENT

Defendants hereby give notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

9.

PRE-JUDGMENT INTEREST

Defendants further allege that Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in one or more of the following statutes, as applicable to this case:

A.      Chapter 41, Texas Civil Practice and Remedies Code; and

B.      The Texas Finance Code.

10.

LIMITATIONS ON INTEREST (PRE/POST JUDGMENT)

Pleading affirmatively, if the same be necessary, Defendants provide notice of their reliance on and invoke the limitations on interest (both pre-judgment and post judgment) contained in Chapter 304 of the Finance Code. As set forth in those applicable statutes, pre-judgment interest on future damages may not assessed or recovered.

11.

REQUIRED DISCLOSURE

Pursuant to Rule 194, Plaintiff is required to disclose the information and material described in Rule 194.2, 194.3 and 194.4 within the time period set forth in the Tex. R. Civ. P.

12.

JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendants pray Plaintiff take nothing from them by Plaintiff's claims, that Defendants recover their costs of suit, and for such other and further relief to which Defendants may show themselves justly entitled, both special and general, at law or in equity.

Respectfully submitted,

JERALD L. BUTLER
SBN: 00783771
JOHN WOLFFARTH
SBN: 24051543
LAW OFFICE OF JAMES A. LAWRENCE
105 Decker Crt., Ste. 150
Irving, TX 75062-2211
972-650-8048
972-536-7306: Direct
855-717-5349: Fax
jerald.butler@nationwide.com
ATTORNEY FOR DEFENDANTS
ESA MANAGEMENT, LLC
THREE WALL CAPITAL, LLC

CERTIFICATE OF SERVICE

On October 8, 2021, a true and correct copy of this document was served in accordance with Texas Rules of Civil Procedure to:

Tim C. Schurmann
Slocumb Law Firm, PLLC
1910 Pacific Ave., Ste. 15700
Dallas, TX 75201
469-270-8585
888-853-2247: Fax
tschurmann@slocumblaw.com
ATTORNEY FOR PLAINTIFF

_____
JERALD L. BUTLER

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Miriam Bernitz on behalf of Jerry Butler
Bar No. 00783771
bernim1@nationwide.com
Envelope ID: 58017322
Status as of 10/12/2021 3:51 PM MST

Associated Case Party: Ismael Rosa

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Tim Schurmann | | tschurmann@slocumblaw.com | 10/8/2021 11:03:41 AM | SENT |

Associated Case Party: ESA Management LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Miriam Bernitz | | Bernim1@nationwide.com | 10/8/2021 11:03:41 AM | SENT |
| Jerry Butler | | jerald.butler@nationwide.com | 10/8/2021 11:03:41 AM | SENT |
| John Wolffarth | | wolffj4@nationwide.com | 10/8/2021 11:03:41 AM | SENT |